IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                      No. CIV S-10-2549 GEB EFB

      vs.

SCOTT G. LYON,

      Defendant.                  FINDINGS AND RECOMMENDATIONS
_____/

      This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default judgment against defendant Scott G. Lyon. Dckt. No. 12. On April 27, 2011, a hearing on the motion was held. Attorney Kurt Didier appeared at the hearing on behalf of plaintiff. No appearance was made on behalf of defendant. For the reasons that follow, and as stated on the record at the hearing, the court recommends that plaintiff's application for entry of default judgment be granted.

I.      BACKGROUND

      Plaintiff initiated this action on September 21, 2010, for violation of Title IV of the Higher Education Act of 1965, 20 U.S.C. §§ 1071-1087ii. Compl., Dckt. No. 1. A certificate of service, filed November 30, 2010, demonstrates that the summons and complaint were

personally served on defendant at the U.S. Marshal's Office on November 23, 2010. Dckt. No. 5.

On January 6, 2011, pursuant to plaintiff's request, the Clerk of Court entered defendant's default. Dckt. No. 9. On March 8, 2011, plaintiff filed a motion for default judgment, and mail served a copy of the motion on defendant. Dckt. No. 12. Plaintiff's motion seeks default judgment in favor of the United States and against defendant Lyon in the principal amount of $64,289.97 as of March 3, 2011, plus litigation costs and attorneys fees in the amount of $6,428.99, representing ten percent of the principal amount. *Id*. at 8. Plaintiff contends that until paid, interest on the unpaid judgment shall accrue at a rate of 4.13 percent per annum, compounded annually. *Id.*

II.     DISCUSSION

It is within the discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary

1  facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established
2  by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

   A.   <u>Entitlement to Default Judgment</u>

   The court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiff.

   (1) <u>Possibility of Prejudice to Plaintiff</u>

   The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of entering default judgment. *See PepsiCo, Inc*., 238 F. Supp.2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter default judgment because absent entry of default judgment, plaintiff would be without another recourse for recovery.  Accordingly, the first *Eitel* factor favors the entry of default judgment.

   (2) <u>Merits of Plaintiff's Substantive Claim</u> and (3) <u>Sufficiency of the Complaint</u>

   The second and third factors also weigh in favor of plaintiff.  "In a suit on a promissory note, the initial burden is on plaintiff to establish, through verified pleadings and exhibits in evidence, the existence of the note, defendant's default and the amount due." *United States v. Potts,* 2006 WL 1009014, at *2 (N.D. Cal. Apr. 18, 2006) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975)). The complaint and its attached exhibits allege that on September 4, 2002, defendant executed a promissory note securing his Direct Consolidation Loan from the U.S. Department of Education ("DOE").  The loan amount totaled $55,393.52 and was disbursed on September 10, 2002, at 4.13 interest per annum.  Interest on the unpaid balance is capitalized annually.  Defendant defaulted on the loan on May 17, 2008, and despite DOE's demands for payment, defendant has failed to pay the loan indebtedness.

   (4) <u>Sum of Money at Stake in the Action</u>

   The fourth factor also weighs in favor of plaintiff.  Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's

conduct." *PepsiCo, Inc.*, 238 F. Supp.2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal.2003). Here, although the amount plaintiff seeks is significant, defendant took out a loan for nearly the entire amount and agreed to pay interest on that amount, as well as collection costs if defendant failed to pay the amount owed.[1]

### (5) The Possibility of a Dispute Concerning the Material Facts

The fifth factor also weighs in favor of plaintiff. The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is a very low likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal.2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp.2d at 1177.

### (6) Whether the Default Was Due to Excusable Neglect

This factor also weighs in favor of plaintiff. Prior to filing suit, plaintiff sent defendant demands for payment. Defendant ignored those demands. Therefore, plaintiff filed and served its complaint, which defendant has failed to answer. The allegations in the complaint are straightforward and documentation substantiating the student loan and the amount of damages

---

[1] Additionally, the amount of damages is capable of ascertainment from definite figures. *Dundee Cement*, 722 F.2d at 1323 ("judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (no hearing necessary when documents show judgment amount based on a definite figure); *see also* Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the Court finds there is a basis for the damages specified. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir.1993).

4

are attached to the complaint. Defendant, as an active member of the California Bar, knows or should know the consequences of failing to file an answer. After defendant's default in this case, plaintiff's counsel wrote to and telephoned defendant in an effort to try to resolve the matter. Defendant ignored those contacts as well.

### (7) Strong Policy Favoring Decisions on the Merits

Although this last factor weighs in favor of defendant, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan.11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, although there is a strong policy favoring decisions on the merits, that policy does not by itself preclude entry of default judgment.

Therefore, the undersigned recommends that plaintiff be granted default judgment against defendant Lyon.

### B. Amount of Judgment

#### 1. Principal and Interest

As stated in the declaration of Rubio Canlas, a loan analyst for the U.S. Department of Justice, defendant's indebtedness as of March 3, 2011, exclusive of litigation costs, was $64,289.97 (based on $55,964.90 in unpaid principal and $8,325.07 in unpaid interest). Canlas Decl., Ex. A, Dckt. No. 12-1 at 5. Interest on the unpaid balance accrues at $6.33 per day. Accordingly, any order adopting these findings and recommendations and subsequent judgment will contain an updated total regarding defendant's indebtedness.[2]

---

[2] At the hearing, plaintiff was directed to file a supplemental declaration calculating the interest through May 25, 2011 so that a final amount can be calculated as of the date judgment is entered. Plaintiff did so on May 3, 2011. Dckt. No. 15 at 3.

       2. <u>Litigation Costs/Surcharge</u>

In addition to seeking the unpaid loan balance, plaintiff seeks an award of its litigation costs pursuant to the terms of the underlying promissory note and section 3011(a) of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq*., including its reasonable attorney's fees. The promissory note defendant executed includes a costs and attorney's fees clause, which provides: "If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs." Compl., Ex. A. Additionally, the FDCPA authorizes a ten percent surcharge to the United States in actions to recover a "debt" owed to the United States. 28 U.S.C. § 3011(a). This case is an action to which the FDCPA's definition of a debt applies: "an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed by the United States. . . ." 28 U.S.C. § 3002(3)(A). Plaintiff seeks to recover the ten percent surcharge to cover all its costs and attorney's fees in this action.

However, as noted at the April 27 hearing, although plaintiff is entitled to fees and costs, plaintiff's complaint does not include any allegations regarding the FDCPA or the ten percent surcharge. Plaintiff is required to prove all damages sought in the complaint, and the damages sought cannot be different from what is demanded in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."); *see also Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992) (A plaintiff is required to prove all damages sought in the complaint).

Moreover, as plaintiff acknowledges, cases validating the United States's entitlement to the surcharge have diverged on the triggering event for the entitlement. Some cases hold that the surcharge attaches upon the government's efforts to obtain a judgment. *See, e.g., United States v. Mastrovito*, 830 F. Supp. 1281 (D. Ariz. 1993), *aff'd*, 46 F.3d 1147 (9th Cir. 1995)

(unpublished); *United States v. Alphagraphics Franchising, Inc.,* 973 F.2d 429, 431 (5th Cir. 1992). Other courts hold that the surcharge is not proper until the United States seeks the prejudgment or postjudgment remedies enumerated under subchapters B or C of the FDCPA. *See* 28 U.S.C. § 3011(a); *United States v. Sackett*, 114 F.3d 1050 (10th Cir. 1997).

Even though the Ninth Circuit affirmed, without discussing, the District of Arizona's conclusory finding in *Mastrovito*[3] that the DOE was entitled to the surcharge along with the judgment, based on the language of the statute itself, the undersigned agrees with the latter line of cases holding that the surcharge is not proper until the United States seeks the prejudgment or postjudgment remedies enumerated under subchapters B or C of the FDCPA.

Section 3011(a) provides: "In an action or proceeding under subchapter B or C, and subject to subsection (b), the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt." "Under the plain language of § 3011, the government is not entitled to the surcharge as of the date of judgment. Instead, the provision permits recovery of the surcharge only when the government has either sought prejudgment remedies of attachment, receivership, garnishment or sequestration governed under subchapter B, or engaged in post-judgment enforcement proceedings under subchapter C of the Act." *United States v. George*, 144 F. Supp.2d 161, 165-66 (E.D.N.Y. 2001) (citing *United States v. Sackett*, 114 F.3d 1050 (10th Cir. 1997); *United States v. Maldonado*, 867 F. Supp. 1184, 1199 (S.D.N.Y. 1994); *Rendleman v. Shalala*, 864 F. Supp. 1007, 1013 (D. Or. 1994); *United States v. Smith*, 862 F. Supp. 257, 263 (D. Haw.1994)*; United States v. Mauldin*, 805 F. Supp. 35, 36 (N.D. Ala.1992)); *see also United States v. Rostoff*, 164 F.3d 63, 73 n.14 (1st Cir. 1999) ("we agree with the Tenth Circuit that by the plain language of the statute 'a surcharge pursuant to § 3011 is not available in an action to obtain a

---

[3] Neither the district court nor the Circuit in *Mastrovito* discussed the applicability of the surcharge. Nor did the Fifth Circuit in *Alphagraphics Franchising, Inc*.

7

judgment on a debt, but is instead limited to prejudgment and postjudgment actions or proceedings'").

This action is to obtain judgment on a debt, and was not brought under FDCPA subchapter B or C. As mentioned above, there are no allegations in the complaint relating to the FDCPA. *See Rendleman*, 864 F. Supp. at 1013 ("Here, the government has not made a claim for attachment, receivership, garnishment or sequestration, and therefore has not proceeded under subchapter B. The language of subchapter C requires a judgment to be entered before the government can proceed to place a lien on the debtor's property or seek other remedies under subchapter C. The government contends that it will be entitled to a ten percent surcharge upon the filing of the judgment pursuant to section 3201, and Rendleman does not dispute this contention. However, under the plain language of the statute, the court cannot grant the ten percent surcharge at this stage of the proceedings.").

Plaintiff contends that under either line of holdings, it is entitled to the surcharge as it will immediately pursue a postjudgment remedy if the court enters a judgment in its favor. Plaintiff argues that one of the postjudgment remedies available under subchapter C of the FDCPA is the creation of a judgment lien, which occurs upon the judgment creditor's filing of a "certified copy of the abstract of judgment in the manner in which a tax lien would be filed . . . ." 28 U.S.C. § 3201(a). Plaintiff argues that unlike the other postjudgment remedies, this one does not require judicial intervention. Creating judicial liens, however, requires the creditor to take an affirmative act. Plaintiff contends that if default judgment is entered, plaintiff will, at a minimum, record abstracts in the counties where defendant resides or own property to perfect its judgment. Therefore, plaintiff contends that is a proper basis for the ten percent surcharge on the debt.

However, as discussed at the April 27 hearing, the undersigned disagrees in light of the plain language in Section 3011(a) which requires that *this* action be either a pre-judgment or post-judgment proceeding and in light of the fact that plaintiff's complaint makes no reference to

8

the FDCPA or to the surcharge at all.  Accordingly, the undersigned recommends that plaintiff's request that the default judgment include a ten percent surcharge be denied.[4]

III.   CONCLUSION

Based on the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendant Lyon be GRANTED;

2. Plaintiff be awarded $64,289.97 (based on $55,964.90 in unpaid principal and $8,325.07 in unpaid interest through March 3, 2011), plus additional interest that has accrued since March 3, 2011 and will continue to accrue through the entry of judgment; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] At the April 27 hearing, the undersigned informed plaintiff's counsel that in lieu of seeking the ten percent surcharge in a post-judgment proceeding, if plaintiff so elected, the undersigned would provide plaintiff an opportunity to supplement the current default judgment motion with a declaration regarding attorney's fees and costs actually spent in the action. However, plaintiff's counsel indicated that he would instead prefer to seek the surcharge at a later time.  Additionally, in plaintiff's May 3, 2011 supplemental filing, plaintiff indicated that after judgment is entered, it will pursue an enforcement action pursuant to subchapter C and thereafter seek the ten percent surcharge.  Dckt. No. 15 at 2.